UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN P. FITZPATRICK, et al.,

        Plaintiffs,

-against-

AMERICAN INTERNATIONAL GROUP, INC., AIG
GLOBAL REAL ESTATE INVESTMENT
CORPORATION,

        Defendants.

Case No.:  1:10-cv-00142-MHD

10/4/13

**MHD**

## [PROPOSED] HIPAA QUALIFIED ORDER TO NEW YORK PRESBYTERIAN HOSPITAL TO PRODUCE MEDICAL RECORDS FOR IN CAMERA REVIEW

Upon due consideration after reviewing the parties' respective submissions, and upon good cause having been shown, the Court hereby orders New York Presbyterian hospital to produce medical records, in accordance with 45 C.F.R. §164.512(e) of the regulations issued under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as follows:

1.     No later than October 15, 2013, New York Presbyterian Hospital shall produce to the Court at Judge Dolinger's Chambers, Room 1670, 500 Pearl Street, New York, New York 10007 for *in camera* review unredacted copies of all records pertinent to the May 2009 admission and treatment of John Fitzpatrick. (the "Medical Records").

2.     After reviewing the Medical Records, the Court will arrange for the parties' respective counsel to obtain from Chambers copies of those portions of the Medical Records the Court determines should be shared with counsel, subject to the conditions below.

3.     This order is intended to serve as a Qualified Protective Order under HIPAA and the regulations promulgated thereunder. *See* 45 C.F.R. § 164.512(e). This Qualified Protective

Order requires New York Presbyterian Hospital, which is a "covered entity" as defined by 45 C.F.R. § 160.103 to produce the Medical Records subject to the following conditions:

a. Defendants' outside legal counsel shall not share the Medical Records with anyone who is not a member of Defendants' team of outside legal counsel for this litigation, except for one in-house counsel at AIG, whom Defendants have identified as Eric Kobrick (Defendants' outside legal counsel and Mr. Kobrick, collectively, referred to herein as "Defendants' Counsel"). Mr. Kobrick shall not share the Medical Records with anyone.

b. Plaintiffs' counsel shall not share the Medical Records with anyone who is not a member of Plaintiffs' team of legal counsel for this litigation, except for Plaintiff Kevin Fitzpatrick (Plaintiffs' counsel and Kevin Fitzpatrick, collectively, referred to herein as "Plaintiffs' Counsel"). Kevin Fitzpatrick shall not share the Medical Records with anyone.

c. Defendants' Counsel and Plaintiffs' Counsel shall not use the Medical Records for any purpose other than this lawsuit.

d. Prior to and after trial, Defendants' Counsel and Plaintiffs' Counsel shall not disclose the Medical Records to, or discuss the Medical Records with anyone other than themselves, opposing Counsel, and the Court. During trial, Defendants' Counsel and Plaintiffs' Counsel may also discuss the Medical Records with, and disclose the Medical Records to, the jury and the Court reporter.

e. If the parties in this case file with the Court any papers containing or referencing the Medical Records, such papers shall be filed UNDER SEAL.

2

f. In the event that testimony is to be given at trial concerning the Medical Records, the courtroom shall be cleared and no persons shall be permitted to be present during such testimony except the Court, Court personnel, the jury, Defendants' Counsel, and Plaintiffs' Counsel.

g. If after reviewing the Medical Records or at any time in the future Defendants' Counsel determines that Defendants have or may have a legal obligation (including but not limited to an obligation under current SEC regulations) to disclose publicly the Medical Records, Defendants' Counsel shall promptly notify Plaintiffs' Counsel who shall promptly seek a ruling from this Court as to whether the obligation in fact exists. Defendants shall not publicly disclose the Medical Records unless and until this Court has ruled and authorizes the disclosure.

h. All references to the Medical Records in the record of this litigation shall be SEALED.

i. Within 30 days after the conclusion of this litigation, including appeals, Defendants' Counsel and Plaintiffs' Counsel shall either return or destroy the Medical Records, any copies thereof, and any notes or transcripts or other documents referencing information from the Medical Records.

j. This Qualified Protective Order shall remain in effect following the termination of this lawsuit.

4. Nothing herein shall abrogate the August 27, 2013 Stipulation and Protective Order to Preserve Confidentiality of Medical Information, or March 9, 2010 Protective Order Governing the Exchange and Use of Confidential Information, previously entered in this

litigation, both of which shall remain in full force and effect.

SO ORDERED this 4th day of October 2013:

Michael H. Dolinger    NRF
_____
Honorable Michael H. Dolinger
United States Magistrate Judge

4